Good morning, Your Honors. May it please the Court, my name is Deanna Kwong on behalf of Appellant Juan Carlos Hernandez-Gonzalez. I would like to reserve four minutes for rebuttal. In this case, as a matter of law, whether under the categorical approach or the modified categorical approach, and whether or not we take into account the sentencing enhancement, there is no basis for removal because the relevant state statutory provisions are overbroad and sweep in conduct that does not involve moral turpitude. This Court has recognized previously, for example, in Your Honor, Judge Reinhart's decision in Nunez v. Holder, that for a crime to be classified as one of moral turpitude, it generally must involve one of four elements, fraud, the intent to harm someone, the actual infliction of more than de minimis harm against someone, or an action against a protected class of victim. None of those elements is present here. The government does not and cannot dispute that no court has ever held that simple weapons possession is a crime involving moral turpitude. That is consistent with this Court's precedent holding that crimes involving greater offenses such as assault, battery, or burglary also do not involve moral turpitude. In short, there should be no dispute, Your Honors, that simple weapons possession does not categorically involve moral turpitude. The addition of the sentencing enhancement does not change the analysis. As an initial matter, we disagree that it is even proper to consider the sentencing enhancement under the proper inquiry, which I can get to later, but even taking it into account for the moment, the provision adds to rather than resolves the overbreadth problem. Section 18622B1 requires the specific intent to promote, further, or assist in any criminal conduct by gang members. There is no limitation on the nature of that criminal conduct by gang members. It could be any misdemeanor, the most minor infraction. The statute also places no limitations on how that criminal conduct may be further promoted or assisted. It could be directly, it could be indirectly, it could be financially. There are no limitations. The district court focused, it seems, on the inherent nature of a gang presence in the commission of crimes. The fact that somebody is a member of the Crips who may commit a fairly, would you say, low-level crime takes on an added aspect of threat and threat to the community and the like because, just because the person's a gang member and that that is what the enhancement was directed at because gangs inherently threaten neighborhoods, families, and the like. What's your response to that in terms of tying it into the judge's reasoning? Yes, Your Honor. There is no legal basis to support the government's position. The government attempts to hang its hat on the fact that the California legislature enacted the Street Terrorism Enforcement and Protection Act, but if the legislative intent behind that statute is relevant to the present inquiry, it actually indicates that the present conviction of weapons possession does not contribute to this pattern of criminal gang activity that that particular legislation, the STEP Act, was enacted to eradicate. If you look at the STEP Act, which the government attempts to rely on in its brief, it enumerates 33 specific crimes, two or more of which make up the patterns of gang activity that the legislature indicated was the crux of the problem with criminal street gangs. Significantly, the weapons possession conviction at issue here is not one of the 33 enumerated crimes that make up the patterns of gang activity. So to the extent the government or the BIA relied on the fact that, by its nature, the crime of moral turpitude, that is not supported by the California legislature, which expressly indicated it was focusing on these patterns of criminal gang activity, of which there are 33 specific enumerated crimes, of which Mr. Hernandez-Gonzalez's conviction of weapons possession was not among them. Significantly, Section 18622B1 does not require the specific intent to promote, further, or assist in gang-related criminal conduct. The fatal flaw in the government's position on this appeal and in the BIA's decision is that they both rest on an improper reading of the statute to require that intent. But this Court recognized in Emory v. Clark that the California courts have squarely rejected that interpretation of the language here. There's no requirement that there be the intent to promote, further, or assist in criminal activity by a gang. It may happen to be committed by someone who happens to be a gang member and may ultimately happen to benefit a gang, but there is no intent that that be what the person intended. And so for that reason, the sentencing enhancement does not require the willfulness or the evil intent that this Court has recognized is often the defining characteristic of a crime involving moral turpitude. This Court, for example, recognized that principle in Judge Reinhart's Nunez v. Holder decision and also in Judge Reinhart's Fernandez-Ruiz v. Gonzalez decision. For at least this reason, the weapons possession conviction is overbroad and fails the categorical approach test. Furthermore, there is more than a realistic probability that the sentencing enhancement could be applied to conduct that falls outside the generic definition of moral turpitude. As the Court stated in Nunez v. Holder, we only need one case to demonstrate that reasonable probability necessary to show that, under the categorical test, there is not a crime involving moral turpitude. Here we have at least two examples, Your Honor. We submit that this case itself is one example, as discussed earlier. Weapons possession in and of itself does not involve moral turpitude. Secondly, there is at least one decision in which the California courts have applied the sentencing enhancement to someone who is not a member of a gang himself or herself, but who nonetheless was found to have committed a crime that benefited someone who happened to be a gang member. Can you give me an example or hypothetical example of which a person commits a possession of a dangerous weapon, for example, the billy club, in a way that satisfies the criminal street gang enhancement statute that is not morally turpitude? Yes, Your Honor. One example could be, for example, the California courts have interpreted the definition of billy club very broadly. The California Supreme Court, for example, has defined a billy club to include a completely ordinary, unadulterated baseball bat. So in a hypothetical, if Mr. Hernandez-Gonzalez had been in possession of a baseball bat, he would have been found to have been in violation of this weapons possession statute, and if he was found to have done so to promote further or assist in the criminal conduct of, for example, his brother, who happened to be a gang member, then the sentencing enhancement would have applied. But that situation does not involve moral turpitude because the mere possession of an unadulterated baseball bat does not rise to that level of base, depraved, or vile conduct that this Court has held must be present for it to satisfy the categorical approach test. We know from the abstract of judgment that the petitioner was convicted of possessing a billy club, is that right? Do we know without looking to the underlying facts that he was also possessing a knife? No, Your Honor. And Your Honor does point out there appears to be a discrepancy among the documents at this point that the Court may properly consider as part of the record of conviction. The abstract of judgment says billy club, and then the charging instrument says billy club and knife. But if you look at the charging instrument, it pertained not only to Mr. Hernandez-Gonzalez but three other defendants. And so upon a closer look at the record, I would submit that the knife reference was actually to the other three defendants and not to Mr. Hernandez-Gonzalez as his abstract of judgment only referred to a billy club. I'd like to move now very briefly, Your Honors, to the modified categorical approach under which we've reached the same conclusion, which is that Mr. Hernandez-Gonzalez was not convicted of a crime involving moral turpitude. There are three documents in the record of conviction that the Court may properly consider, the charging instrument, the abstract of judgment, and the pretrial settlement worksheet. As we've touched on already significantly, none of those documents touch on what kind of weapon Mr. Hernandez-Gonzalez was found to have possessed. It could have been an ordinary unadulterated baseball bat. We just don't know. The documents also don't establish whether he in fact used or attempted to use that weapon, and if so, what he would have used it for, whether it be for self-defense or something else. For this reason, the documents in the record of conviction do not allow the government to meet its burden of proving that Mr. Hernandez-Gonzalez was unequivocally convicted of a crime involving moral turpitude. And for that reason, even under the modified categorical approach, the order of removal must be vacated. And now I'd like to move, Your Honors, to why remand is both unnecessary and improper in this case. There are two reasons. Can we apply the modified categorical approach here? Yes, Your Honor. The Court may apply the modified categorical approach here. The government has not made any argument that the record is incomplete. Do we have to apply it? You don't have to. No, we submit you don't need to apply it, because under the categorical approach, we think that that's sufficient. But if the Court were to apply it, we think you would reach the same conclusion. But we have to determine if it's divisible. Yes, Your Honor. And we would submit it is divisible, because under the weapons conviction statute, you can be convicted of an enumerated line of different weapons, from a billy club to a knife to a sandbag to a firearm. So because it is divisible, Your Honor, yes, we submit that you must apply the modified categorical approach if you decide that under the categorical approach, he was not convicted of a crime involving moral turpitude. And taking it through the modified categorical approach, what happens? You take it through the modified categorical approach. We reach the same conclusion, which is this is not a crime involving moral turpitude for the reasons I've expressed, which is that the documents don't indicate whether he possessed a simple, ordinary baseball bat or something else, in order to suggest that it definitely involved moral turpitude. I see that I have about three and a half minutes left, Your Honors, and I would like to reserve my time for rebuttal. I know you want to reserve your time, but I just want you to comment, if you could, on the remand, because I'm just trying to figure out, is there a basis on which we would be able to reach the remaining issues? If so, what is it? Because it seems like under our case law, we are only to look at the issues decided by the agency. I don't think the agency here, the BIA, decided the other two issues on which this petition was, or the removability was originally based. Yes, Your Honor. We submit that it is proper for this Court to reach the other issues, which the BIA could have expressed an opinion on, but declined to. This Court has in the past done so. On what basis? On the basis that the record is complete. These are pure, straightforward issues of law. If I may touch on them very briefly, Your Honor, if we take a look at the two other grounds of removability, they are very straightforward issues of law on which there should be no dispute. On the weapons possession conviction, and whether that was for an aggravated felony crime of violence, the U.S. Supreme Court has made clear that an aggravated felony crime of violence must include as an element the intentional use of force against the person or property of another. That element is not present here. Notably, the government has never addressed this issue on the merits, because it's a straightforward issue of law that this Court may reach a resolution on. The final grounds of removability, whether the failure to appear conviction is for an aggravated felony, that too is a simple, rather straightforward issue of law, because the government has not met its burden of demonstrating that the two documents in the record of conviction unequivocally demonstrate that the underlying charge, the conduct there, was punishable as a felony under Federal law. The two documents in the record of conviction, the first was the abstract of judgment. That didn't even make any mention to the underlying charge for which Mr. Hernandez-Gonzalez was charged with failing to appear. I'm sorry, you're saying that we can go ahead and review this, but doesn't our case line, is it Andia v. Ashcroft, are you familiar with that? It seems like we're not supposed to look at or decide those if the BIA didn't decide them. I apologize, Your Honor. I don't recall at the moment what that particular decision was about. I do think there is precedent for this Court reaching the other issues where they are purely issues as a matter of law and on which the BIA possesses no special expertise. Unless the Court has further questions. I have one question. Yes, Your Honor. When you say that we can apply a modified categorical because this is divisible, you looked at DECAP versus the United States. You're saying under the DECAP standard, it is a divisible statute? Yes, Your Honor. We believe it is under DECAP, yes. Okay. Thank you, Your Honor. I'd like to submit. Thank you, counsel. Linda Do, on behalf of the United States government, possession of unlawful weapon and furtherance of criminal conduct by gang members is categorically a crime involving moral turpitude. In January of 2008, Mr. Hernandez-Gonzalez was convicted of a gang-related felony, specifically possession of a lawful weapon, a billy club and knife, with the specific intent to further promote or assist criminal conduct by gang members in violations of California Penal Code Sections 12020A1 and 186B1. In People v. Hernandez, the California Supreme Court looked at the sentence enhancement provision and found that it was inextricably intertwined with the underlying offense. In People v. Hernandez, this court had applied a minor child sentence enhancement in considering whether an alien's assault conviction had constituted a crime of violence. The court reasoned that the sentence enhancement was a substantive offense-based enhancement, which was inseparable from the underlying charge. In addition, the Supreme Court in Apprendi v. New Jersey found that where the sentence enhancement increased the statutory maximum authorized, it became a fundamental equivalent of an element of a single larger offense. In light of these decisions, the board properly looked to the sentence enhancement to consider it as an element of the nature of the conviction, and the full conduct covered by the statutes of convictions established that his offense is one that is categorically a crime involving moral turpitude. So, are you saying specific intent is not necessary or it is necessary? It would be included, Your Honors. Here he created, according to People v. Abelar, the gang sentence enhancement applies when a defendant commits a gang-related felony with the specific intent to further promote or assist in criminal conduct by gang members. Here his statute of convictions in total established that his crime is one that is base, vile, and depraved. But the way I read People v. Abelar, it seems like the California Supreme Court rejected the argument that the statute required the specific intent to promote a gang. It seems like it merely requires intent to promote criminal conduct by gang members. Correct, Your Honors. But it still requires, I'm sorry. That seems inconsistent with the BIA statement of the law, doesn't it? Because the BIA stated that acting with the specific intent to promote further or assist in criminal gang activity is inherently base, vile, and depraved. So I'm just trying to figure out how that affects our analysis. Well, Your Honors, it's still criminal conduct by gang members. I believe that... So you read it the same. But there is a gang-related component, that underlying felony is gang-related. It has been committed at the benefit of, or at the direction of, or in association with a criminal street gang as the first prong of the sentence enhancement. So the statutes of conviction in total establish that it's in furtherance of criminal conduct by gangs and that it's base, vile, and depraved. The weapons possession statute, according to People v. King, also has its own mens rea component. The Supreme Court of California held that the statutory provision under 12,020A1 required an actus reus and a couple of mens rea, even though a couple of mens rea hadn't been written into the statute. So it required that the defendant have knowledge of the weapon's illegal characteristics. So innocent possession of a weapon would not be sufficient to sustain a conviction under the statute. This couple of mens rea was heightened by the gang enhancement provisions, which required that it be for the benefit and in furtherance of criminal street gang. And People v. Avalar, it clarified that nominal or passive involvement with a gang would be insufficient to invoke the enhancement. And that it explained that the defendant had to have intended to commit the crime in association with his accomplices, persons whom he knows to be members of a gang. The courts further went into the history and the legislative intent of the California enhancement provision and acknowledged that it arose under the Street Terrorism Enforcement and Prevention Act, and that it was intended to address the proliferation of criminal street gangs and the gang-related violence that had occurred. Acknowledged that it terrorized and impacted neighborhoods and families and threatened the personal security of us all. Here, Petitioner has personally committed a gang-related weapons possession felony in furtherance of criminal endeavors by gang members. How is the California Penal Code Section 1320B not categorically overbroad when it applies to any felony, while the federal generic offense applies only to those for which a sentence of two years imprisonment may be imposed? I'm sorry, Your Honor, can you repeat? The California Penal Code Section 1320B, I'm just trying to figure out how is that not categorically overbroad? What's your best argument as to why it's not categorically overbroad? Because it requires not only a gang-related felony be committed by the defendant, so already including a specific intent in mens rea, but as well as further misconduct in terms of the criminal conduct by gang members. I don't, according to the board, it was, she did not believe that there was any criminal conduct that is covered by the statute that would not involve moral turpitude. I guess under no condition could you possess, unlawfully possess a weapon in furtherance of criminal conduct by gang members and wish it to be a felony and not involve moral turpitude and be based while undepraved. Having failed to show that there is a realistic probability that his conviction under the statute could cover conduct that does not involve moral turpitude, the petitioner has not shown that the agency erred in its decision. And whereas here, clear and convincing evidence establishes his removability under 8 U.S.C. Section 1227.8.2.A.1, the government requests that the court dismiss the petition for review. Thank you. If there are no further questions, the government rests on its brief. Oh, yes, I do. If we get to it, do you believe the modified categorical approach applies under DECAMP? Your Honor, whereas here the board has not reached the determination and DECAMP was issued post the agency's decision, I'm uncomfortable advocating a violation of Chenery where the board's decision should be based on the reasons invoked by the agency. So you're not going to respond to their argument? I respectfully decline to. Okay. Thank you. We'll give you a minute or so. Your Honor, I'd just like to touch very briefly on the question of whether this court may appropriately reach the other grounds of removability. And there is a case that I believe is instructive on this point, Fernandez-Ruiz v. Gonzalez, which was an opinion penned by Judge Reinhart. In that case, the court declined to remand where it would have been clear that the court would have been compelled to reverse the BIA if the case had been remanded and had ruled against the appellant. And that is the case here. As I discussed earlier, the other two grounds of removability are straightforward issues of law on which there is clear precedent holding that the government was in error. And so we submit that because this court would be compelled to reverse the BIA if this case were remanded, the interests of justice strongly weigh in favor of vacating the order of removal and declining to remand. Mr. Fernandez-Gonzalez filed a timely appeal to this court in 2011. If this court were to vacate his removal order, it would allow him to be reunited with his wife, a U.S. citizen who continues to reside at their home in Hanford, along with their daughter, also a U.S. citizen who's almost seven years of age.  Thank you, counsel. The case disargued will be submitted.
judges: REINHARDT, FISHER, MURGUIA